**Paul L. WANG, Plaintiff–Appellant,**

v.

**Michael J. ASTRUE, Commissioner of Social Security, Defendant–Appellee.**

No. 06–56769.

United States Court of Appeals, Ninth Circuit.

Submitted May 6, 2008.*

Filed Sept. 4, 2008.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Law Offices of Lawrence Rohlfing, Santa Fe Springs, CA, for Plaintiff–Appellant.

Office of the U.S. Attorney, Santa Ana, CA, for Defendant–Appellee.

Before: W. FLETCHER and GOULD, Circuit Judges, and POLLAK,*** Senior Judge.

MEMORANDUM ****

Paul L. Wang appeals from the district court's order upholding the Administrative Law Judge's (ALJ) denial of disability insurance benefits. We reverse and remand for further proceedings.

*** The Honorable Louis H. Pollak, Senior United States District Judge for the Eastern District of Pennsylvania, sitting by designation.

The ALJ's opinion recites that "[t]he claimant's treating physicians did not report any limitations" on Wang's residual functional capacity (RFC). A.R. 27. But, as the opinion acknowledges, Wang's treating physician, Dr. Sobol, opined: that Wang is (1) limited to sedentary work and (2) precluded from prolonged sitting. A non-examining physician, Dr. Brown, whose opinion the ALJ relied upon, proffered contradictory views. First, Dr. Brown testified that Wang could lift up to ten pounds on a frequent basis and lift up to twenty pounds on an occasional basis. *See* 20 C.F.R. § 404.1567(a) ("Sedentary work involves lifting no more than 10 pounds at a time...."). Second, Dr. Brown testified that Wang could sit "up to six hours." A.R. 27, 426. As the Commissioner's brief acknowledges, "[t]he district court agreed with Claimant that the ALJ erred in his treatment of Dr. Sobol's opinion. The district court found that the ALJ erred by stating that the Claimant's treating physicians 'did not report any limitations' when Dr. Sobol had limited Claimant from 'prolonged sitting.'" Comm'r Br. at 9 (citations omitted). However, the District Court concluded that the ALJ's error was harmless, and the Commissioner agrees.

The District Court's conclusion that the ALJ erred, which is echoed by the Commissioner, is clearly correct. "The ALJ may not reject the opinion of a treating physician, even if it is contradicted by the opinions of other doctors, without providing specific and legitimate reasons supported by substantial evidence in the record." *Rollins v. Massanari*, 261 F.3d 853, 856 (9th Cir.2001) (internal quotation

**** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

marks omitted). The ALJ failed to provide such reasons in rejecting Dr. Sobol's opinions as to Wang's RFC limitations in favor of those of a non-examining physician.

Given that the ALJ erred, the question to be addressed is whether the District Court and the Commissioner's conclusion that the error was harmless can be sustained. According to the Commissioner, "the district court correctly held [that] the error was harmless since the ALJ presented Dr. Sobol's sitting and positional limitations to the [vocational expert], who testified that someone so limited could perform Claimant's past relevant accounting jobs, which were sedentary in nature." Comm'r Br. at 13. However, we may not accord any weight to the vocational expert's testimony. "If a vocational expert's hypothetical does not reflect all the claimant's limitations, then the expert's testimony has no evidentiary value to support a finding that the claimant can perform jobs in the national economy." *Matthews v. Shalala,* 10 F.3d 678, 681 (9th Cir.1993) (internal quotation marks omitted); *see Embrey v. Bowen,* 849 F.2d 418, 422 (9th Cir.1988). The ALJ posed hypotheticals to the vocational expert that involved a worker incapable of prolonged sitting, which was one of the two limitations identified by Dr. Sobol. However, the worker described in these hypotheticals is one that "can lift up to 20 pounds occasionally, 10 pounds frequently assuming this is being performed with the use of wrist splints," A.R. 435, while Dr. Sobol opined that Wang was capable of performing only sedentary labor. "Hypothetical questions posed to the vocational expert must set out *all* the limitations and restrictions of the particular claimant, including, for example, pain and an inability to lift certain weights." *Embrey,* 849 F.2d at 423 (emphasis in original). We therefore cannot speculate as to whether the vocational expert's testimony would have been different if the hypotheticals posed to her included the confluence of limitations that, in Dr. Sobol's view, Wang possesses. Accordingly, we cannot rely on the vocational expert's testimony to conclude that the ALJ's error was harmless.

In *Lester v. Chater,* we held that "[w]here the Commissioner fails to provide adequate reasons for rejecting the opinion of a treating or examining physician, we credit that opinion as a matter of law." 81 F.3d 821, 834 (9th Cir.1996) (internal quotation marks omitted). Accordingly, we credit Dr. Sobol's submissions as true, including his opinion that Wang is "not … physically capable of performing his pre-injury work duties as an accountant." A.R. 253. However, even though we credit Dr. Sobol's opinion, it is still not "clear from the record that the ALJ would be required to find the claimant disabled." *Benecke v. Barnhart,* 379 F.3d 587, 593 (9th Cir.2004) (citing *Harman v. Apfel,* 211 F.3d 1172, 1178 (9th Cir.2000) (stating circumstances when court should remand for an immediate award of benefits)). Specifically, Dr. Sobol's opinions appear to leave open the question whether Wang is capable of performing "any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2)(A). It is thus necessary for the ALJ to further develop the record on this point, giving consideration to Dr. Sobol's submissions. We therefore remand this case for further proceedings consistent with this memorandum.

**REVERSED and REMANDED,** with instructions to remand to the Commissioner of Social Security for these further determinations.